# SUPERIOR COURT
## of the
## STATE OF DELAWARE

Jeffrey J Clark
Judge

Kent County Courthouse
38 The Green
Dover, DE 19901
Telephone (302)735-2111

April 5, 2018

Jason C. Cohee, Esq.
Lindsay Taylor, Esq.
Department of Justice
102 West Water Street
Dover, Delaware 19901

Alexander Funk, Esq.
Curley & Funk, LLC
250 Beiser Blvd.
Suite 202
Dover, DE 19904-7790

Edward C. Gill, Esq.
Law Office of Edward C. Gill & Associates
16 North Bedford Street
Georgetown, DE

> RE: *FIRST DEGREE MURDER CASE*
> *State v. Abdul T. White*
> *ID#1508010489*

> Submitted: April 4, 2018
> Decided: April 5, 2018

Counsel:

This matter is set for sentencing on April 10, 2018. The Court received Defendant Abdul White's (hereinafter "Mr. White's") motion to compel on March 28, 2018 and the State's response on April 4, 2018. In his motion, Mr. White seeks to compel production of evidence that he alleges is exculpatory and that the State has refused to produce. Specifically, Mr. White seeks production of information relevant

to the State's Firearms Identification Expert, Carl Rone's, suspension, discipline, and resignation from State employment. Mr. White argues that this information is necessary to file post-trial motions prior to his sentencing.

After a two week trial, the jury returned its verdict on November 2, 2017, finding Mr. White guilty of Murder in the First Degree, as well as numerous other offenses surrounding a home invasion, weapons possession, and the threatening and kidnaping of multiple victims. In its written response, the State represents that it did not learn of the investigation regarding Mr. Rone until January 19, 2018, more than two months after the verdict. The State also represents that it has no definitive answer to Mr. White's inquiry because the investigation has not concluded. Moreover, the State has not represented that it will refuse to voluntarily produce information regarding the investigation once it is concluded. Rather, the State alleges that it is not yet in a position to determine if exculpatory information exists.

With regard to the applicability of this information to post-trial motions, Mr. White has not adequately set forth a basis to consider such issues prior to his sentencing. The only background available to the Court at this point regarding any possible motions includes its own observations of the trial. Of note, Mr. Rone, the subject of the inquiry, did not testify at trial. Rather, Mr. White introduced his report (jointly with the State) through a stipulation between the parties. Moreover, Mr. White relied upon Mr. Rone's report when arguing that he did not fire the shot that killed the murder victim, Mr. Harmon. Given this evidentiary background, without further support, the Court declines to speculate as to what post-trial issues Mr. White will raise.

Under the circumstances of this case, since Mr. White cites no authority supporting his application and merely argues that exculpatory evidence may exist that

justifies a new trial, his motion is not availing at this stage.   Furthermore, the Court is not convinced that proceeding with sentencing will prejudice Mr. White's rights to challenge the jury's verdict.  Namely, we are *well beyond* the seven day deadline  for filing a motion for a new trial based on most grounds.[1]  We are also *well less than* the two year deadline after "final judgment" for filing a motion based on newly discovered evidence.[2]   Accordingly, postponing sentencing in this case will not impact Mr. White's rights to pursue other avenues to challenge his conviction through post-trial motions, a direct appeal, or collateral proceedings.

Accordingly, since no good cause exists for a delay in sentencing, it will proceed on April 10, 2018 as scheduled.  Mr. White's motion to compel is DENIED without prejudice to be raised after sentencing, if desired, provided it is supported by adequate authority and is otherwise procedurally appropriate.

**IT IS SO ORDERED**

/s/Jeffrey J Clark
Judge

---

[1] Super. Ct. Crim. R. 33.

[2] *Id.*

3